## In re McMILLAN, RAPP & CO.

### Claim of THOMAS.

### No. 21225.

District Court, E. D. Pennsylvania.

April 16, 1941.

Francis F. Burch and George O. Philips, both of Philadelphia, Pa., for claimant.

George B. Clothier, David F. Maxwell, Leon J. Obermayer, and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for trustees.

BARD, District Judge.

This matter comes before the court on a certificate for review of the referee's order denying a petition for reclamation of certain securities.

The claimant, on December 27, 1939, ordered from the bankrupt 100 preferred shares of the Pennsylvania Bankshares and

Securities Corporation stock for $1,775. The claimant paid for the same on January 3, 1940. At the time of the purchase the bankrupt was owner of 60 shares. Subsequently additional stock totalling 40 shares was acquired by the bankrupt, the certificates being in bankrupt's "street" name. Thereafter, on January 23, 1940, the bankrupt then being insolvent, certificates for 100 shares were forwarded by the bankrupt for transfer into petitioner's name, and were returned in that form, dated January 24, on January 26, 1940.

The bankruptcy intervened on February 20, 1940, before delivery could be made to the claimant, the certificates remaining in the bankrupt's possession at the time of bankruptcy. The referee has denied reclamation.

As decided in the opinion filed this date concerning the claim of Paul Freeman, 38 F.Supp. 40, section 60, sub. e, of the Chandler Act, c. 575, 52 Stat. 869, 11 U.S.C.A. § 96, sub. e, is applicable to this bankruptcy.

In determining the rights of this claimant, the referee concluded that the claimant seeks to recover cash. As I view the petition, it is apparent, and necessary to justify the petition, that the claim is for securities. Of course, the claimant paid cash to the bankrupt, but this does not preclude the claimant from urging reclamation on the direct ground the securities are his property, as having been received by the stockbroker for the claimant's account pursuant to his purchase.

By the provisions of section 60, sub. e, as more fully set forth and considered in the opinion concerning the claim of Paul Freeman, a claimant must be a cash customer and must be able to identify specifically his securities in a prescribed manner in order to reclaim them.

The claimant is a cash customer, as he is entitled to possession of the securities received by the bankrupt pursuant to his purchase without payment of any further sum to the bankrupt. Clearly, the stockbroker received securities for the account of the claimant pursuant to his purchase, when it received the certificates registered in the claimant's name.

Securities are specifically identifiable under section 60, sub. e, if they remained in their identical form in the stockbroker's possession until the date of bankruptcy. There was no change in form in this instance; the securities, in the claimant's name, were received by the bankrupt on January 26, 1940, and remained in exactly that form to the date of bankruptcy.

Therefore, the circumstantial prerequisites being satisfied, the claimant was entitled to reclaim his securities. The referee's order disallowing reclamation must be set aside.

So ordered.